IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CRISTOBAL CARDONA, | : | Civil No. 3:14-cv-453 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| D. ZICKEFOOSE, WARDEN, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Jose Cristobal Cardona, an inmate currently confined at the United States Penitentiary, Big Sandy, in Inez, Kentucky. (Doc. 1). Named as the sole Respondent is Warden D. Zickefoose. Cardona contends that his due process rights were violated in the context of a disciplinary hearing held at the United States Penitentiary, in Lewisburg, Pennsylvania ("USP-Lewisburg"). The petition is ripe for disposition and, for the reasons that follow, will be denied.

I. **Background**

On February 21, 2003, Cardona was sentenced in the United States District Court for the Western District of Texas to a 480-month term of imprisonment for conspiracy of possession with intent to deliver marijuana/heroin, and possession of marijuana/heroin with intent to deliver. (Doc. 6-1, Declaration of Dominick DeSanto, BOP Paralegal Specialist ("DeSanto Decl."), p. 4, ¶ 3). His projected release date is February 22, 2037, via good

conduct time. (*Id.*).

In the instant petition, Cardona claims that his rights were violated during a disciplinary hearing held at USP-Lewisburg, where he was found guilty of a code 305 violation for "possession of anything not authorized," and a code 313 violation for "lying to a staff member." (Doc. 1). Specifically, Cardona claims that the DHO failed to consider his defense of innocent mistake for lying to staff which is a violation of free speech, the incident report and conviction of lying to staff is unconstitutional, there is no evidence that Cardona knowingly and intentionally lied to staff, and the DHO failed to provide a meaningful explanation for his decision. (*Id.* at 2-3). For relief, Cardona seeks to "be discharged from the illegal restraint complained of in this petition." (*Id.* at 3).

## II. Discussion

On March 20, 2013, Cardona was served with incident report number 2422833 charging him with a code 104 violation for possession of a weapon, a code 307 violation for refusing to obey an order, and a code 313 violation for lying to a staff member. (Doc. 6-1, DeSanto Decl. ¶ 47; Doc. 6-1, Attach. 7). The incident report describes the incident as follows:

> On the above date and time while running showers I ordered I/M Cardona #40869-080 to give me his razor. He was getting dressed so I stepped away and retrieved his cell mate's razor. I again approached I/M Cardona and ask (sic) him for his razor, he stated "You already got it." I informed him that I had not gotten it and he needed to give it to me. He again stated "you got it." I placed hand restraints on I/M Cardona and removed him from the shower.

> During the subsequent pat search I found the razor in I/M Cardona's left pocket.

(Doc. 6-1, p. 16, Incident Report).

On March 20, 2013, Lieutenant N. Carper gave Cardona advanced written notice of the charges against him. (Doc. 6-1, p. 5, DeSanto Decl. ¶ 7; Doc. 6-1, p. 16, Incident Report). During the investigation, Cardona was advised of his right to remain silent. (DeSanto Decl. ¶ 8; Doc. 6-1, p. 16). On March 20, 2013, incident report number 2422833 was suspended pending referral to the Federal Bureau of Investigation ("FBI") for possible prosecution. (DeSanto Decl. ¶ 9; Doc. 6-1, p. 17). On April 9, 2013, the incident report was released from the FBI for processing at the institution, at which time disciplinary proceedings resumed. (DeSanto Decl. ¶ 9; Doc. 6-1, p. 18).

On April 9, 2013, Cardona was again given advanced written notice of the charges against him by Lieutenant R. Johnson. (DeSanto Decl. ¶ 10; Doc. 6-1, p. 18). Cardona was advised of his right to remain silent, he indicated that he understood his rights, and had no comment regarding the charge. (DeSanto Decl. ¶ 11; Doc. 6-1, p. 18).

On April 10, 2013, Cardona appeared before the Unit Discipline Committee ("UDC"). (DeSanto Decl. ¶ 12; Doc. 6-1, p. 16). Cardona provided a written statement for the UDC to review. (*Id.*). The UDC referred the charge to the DHO, with a recommendation that sanctions be imposed. (DeSanto Decl. ¶ 13; Doc. 6-1, p. 16). During the UDC hearing, a staff member informed Cardona of his rights at the DHO hearing and provided him with a

copy of the "Inmate Rights at Discipline Hearing" form. (DeSanto Decl. ¶ 14; Doc. 6-1, p. 20, Inmate Rights at Discipline Hearing). Cardona refused to sign for his copy of the form. (DeSanto Decl. ¶ 15; Doc. 6-1, p. 20, Inmate Rights at Discipline Hearing). A staff member signed this form as a witness. (*Id.*). Cardona was also provided with a "Notice of Discipline Hearing before the Discipline Hearing Officer (DHO)" form. (DeSanto Decl. ¶ 16; Doc. 6-1, p. 22, Notice of Discipline Hearing before the Discipline Hearing Officer (DHO)). Cardona declined a staff representative and requested to call Officer Bordell as a witness. (*Id.*). Cardona refused to sign the form, and a staff member signed the form as a witness. (*Id.*).

On April 25, 2013, Cardona appeared for a hearing before DHO A. Jordan. (DeSanto Decl. ¶ 17; Doc. 6-1, pp. 24-28, DHO Report). During the April 25, 2013 DHO hearing, the DHO confirmed that Cardona received advanced written notice of the charges on March 20, 2013, that he had been advised of his rights before the DHO on April 10, 2013, and that Cardona waived his right to a staff representative. (DeSanto Decl. ¶ 18; Doc. 6-1, p. 24, DHO Report). The DHO again advised Cardona of his rights, he indicated that he understood them, and that he was ready to proceed with the hearing. (DeSanto Decl. ¶ 20; Doc. 6-1, p. 24, DHO Report). Cardona made the following statement regarding the charges, "I want the razor restriction memo on my door to document I was sanctioned for this already. I have breathing room on the First Amendment. This will be a concern when I take this to court." (Doc. 6-1, p. 24, DHO Report). Additionally, Cardona submitted

a written statement entitled "I Was Framed Like Cheech and Chong," wherein he argues that he was already punished for this incident. (*Id.*). The DHO noted that Cardona neither admitted nor denied the charges. (*Id.*).

In rendering his decision, the DHO considered to the incident report and investigation, and the following documentary evidence: (1) Memorandum entitled Special Escort Procedures, dated March 20, 2013; and (2) Cardona's written statement submitted prior to the DHO hearing. (*Id.* at p. 25).

In considering Cardona's written statement, the DHO explained as follows:

> The DHO considered your claim that you have already been punished for this incident report based on your claim that you were placed on razor restriction, and lost your recreation privileges in this case, and finds no information to support your claim that these measures constitute punishment. Specifically, the DHO discovered you were placed on razor restriction, as part of special escort procedures, related to your possession of a razor in this case. The DHO explained to you that the decision to place you on razor restriction, is based on the security needs of the institution, and is not a punitive measure. Moreover, it was explained to you that your placement on razor restriction, is not a disciplinary sanction. No information was discovered to support your claim you were placed on recreation restriction, as you claim. Therefore, your claim where your placement on razor restriction constitutes "double jeopardy", and that your placement on razor restriction constitutes "cumulative punishment", is moot.

(*Id.* at p. 26).

The DHO noted that Cardona requested preservation of video of the shower area where he committed the prohibited act. (*Id.*). However, the DHO explained that by the time Cardona made his request, the video footage was not available or preserved for review due

to the retention limitations of the surveillance system. (*Id.*).

Cardona initially requested Officer Bordell as a witness, and subsequently identified Lieutenant White as a witness. (DeSanto Decl. ¶ 24). The DHO interviewed the witnesses and stated as follows:

> You requested Lieutenant White and Officer Bordell as witnesses in this case. Lieutenant White verified you were placed on razor restriction due to your possession of an intact razor. Officer Bordell submitted corroborating eyewitness testimony you committed the prohibited acts of possession of an intact razor blade and lying to staff, in this case. Your witnesses you requested did not submit exculpatory evidence concerning the charges applied in this case.

(Doc. 6-1, p. 27, DHO Report).

After consideration of the evidence, the DHO found that the greater weight of the evidence supported a finding that Cardona committed the prohibited acts of possession of anything not authorized, and lying to staff. (*Id.* at p. 26). As such, the DHO imposed the following sanctions on each violation: fourteen (14) days disallowance of good conduct time, fifteen (15) days of disciplinary segregation, and thirty (30) days loss of commissary, telephone, and visiting privileges. (*Id.* at pp. 27-28). The DHO found that the possession of any unauthorized or contraband items in a correctional institution inherently jeopardizes the security and good order of the institution. (*Id.*). The DHO further found that lying or making false statements to staff directly interferes with the staff's ability to properly perform their duties, hampers the ability of staff to maintain the security and good order of the institution,

6

and inherently jeopardizes the same. (*Id.*). The rationale for the sanctions is to punish the inmate, and to deter future misconduct. (*Id.*). At the conclusion of the hearing, Cardona was advised of his appeal rights. (*Id.*).

Cardona's sanctions included the loss of good conduct time, therefore he has identified a liberty interest in this matter. Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.*

In *Wolff*, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action.

*Wolff*, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *see also Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. *Hill*, 472 U.S. at 457.

The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et seq.*, and entitled: *Inmate Discipline and Special Housing Units*. These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court. *See Von Kahl v. Brennan*, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994). Pursuant to these regulations, staff shall prepare an incident report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.5. The incident is then referred to the UDC for an initial hearing pursuant to § 541.7. The UDC "will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays." 28 C.F.R. § 541.7(c). This period may be extended if the incident is being investigated for possible criminal prosecution. 28 C.F.R. § 541.4(c). If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. 28 C.F.R. § 541.7(f). If the alleged violation is serious and warrants

consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.7(a), (g). The inmate will receive written notice of the charge(s) against him at least twenty-four hours before the DHO's hearing, however the inmate may waive this requirement. 28 C.F.R. § 541.8(c). The inmate is entitled to have a staff representative, appear at the hearing, make a statement, present documentary evidence, and present witnesses. 28 C.F.R. §§ 541.8(d), (e), (f). Following the hearing, the inmate will receive a written copy of the DHO's decision. 28 C.F.R. § 541.8(h).

In the instant case, it is clear that Cardona was afforded all of the required procedural rights set forth in *Wolff*. He received timely notice of the incident report. He was properly informed of his rights before the hearing, as well as given the opportunity to make his own statement, present documentary evidence, have a staff representative, and to present witnesses on his behalf. Cardona declined a staff representative, and the DHO interviewed his requested witnesses. At the conclusion of the hearing, Cardona received a written decision setting forth the evidence relied upon by the DHO and the rationale behind the decision. Cardona was also notified of his right to appeal.

Since Cardona was afforded all of his procedural rights, the only remaining issue is whether there was sufficient evidence to support the decision by the DHO. The record clearly reveals the existence of specific documentary evidence submitted at the hearing to

allow the DHO to conclude that the greater weight of the evidence supported a finding of guilt. Specifically, the DHO relied upon the Memorandum entitled Special Escort Procedures, dated March 20, 2013, Cardona's written statement submitted prior to the DHO hearing, staff's written reports that the razor was found on Cardona after he stated that he handed it in, and eyewitness testimony that Cardona lied to staff and possessed a razor. (Doc. 6-1, pp. 24-25). Based on the foregoing, the Court concludes that the evidence before the DHO was sufficient to support the outcome of the hearing and meets the requirements imposed by the Due Process Clause.

Finally, the Court finds that all sanctions imposed by the DHO were within the limits of 28 C.F.R. § 541, *et seq.* Cardona was found guilty of two 300-level, moderate category prohibited acts. Pursuant to 28 C.F.R. § 541.3, the following are the sanctions available for 300-level offenses:

- A. Recommend parole date rescission or retardation.
- B. Forfeit and/or withhold earned statutory good time or non-vested good conduct time up to 25% or up to 30 days, whichever is less, and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
- B.1 Disallow ordinarily up to 25% (1-14 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
- C. Disciplinary segregation (up to 3 months).
- D. Make monetary restitution.
- E. Monetary fine.
- F. Loss of privileges (e.g., visiting, telephone, commissary, movies, recreation).
- G. Change housing (quarters).

    H.    Remove from program and/or group activity.
    I.    Loss of job.
    J.    Impound inmate's personal property.
    K.    Confiscate contraband.
    L.    Restrict to quarters.
    M.    Extra duty.

28 C.F.R. § 541.3 (Table 1). Thus, the sanctions imposed by the DHO were consistent with the severity level of the prohibited acts and within the maximum available to the DHO. Accordingly, the petition will be denied as to incident report number 2422833.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

Date: September 28, 2016

Robert D. Mariani
United States District Judge